**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sean L. Litteral (State Bar No. 331985)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
slitteral@bursor.com

*Attorneys for Plaintiffs and the Proposed Classes*
*[Additional counsel listed on signature page]*

**KING & SPALDING LLP**
LIVIA M. KISER (SNB 285411)
lkiser@kslaw.com
ETHAN P. DAVIS (SBN 294683)
edavis@kslaw.com
SAMUEL R. DIAMANT (SBN 288738)
sdiamant@kslaw.com
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 319-1300

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SUSAN GAGETTA and TRACIE GOMEZ,

Plaintiffs,

v.

WALMART INC.,

Defendant

Case No. 3:22-cv-03757-WHO

**JOINT CASE MANAGEMENT STATEMENT**

Date: December 7, 2022
Time: 2:00 p.m.
Place: Via Zoom

Hon. William H. Orrick III

Plaintiffs Susan Gagetta and Tracie Gomez (collectively, "Plaintiffs") and Defendant Walmart Inc. ("Defendant" or "Walmart") respectfully submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I. Jurisdiction and Service

Defendant has been served. Plaintiffs are unaware of any issues concerning personal jurisdiction or venue. Plaintiffs' position is that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Plaintiffs contend that there are no issues with personal jurisdiction; Walmart notes that although it believes Plaintiffs claims are entirely without merit, it does not (and would not) consent to personal jurisdiction for any proposed class members that reside outside of the State of California. Walmart does not contest service.

## II. Facts

### A. Plaintiffs' Statement

This case arises from Defendant's continuing failure to disclose to consumers that certain of its herbs and spices sold under the brand name "Great Value," including Great Value's Basil Leaves, Chili Powder, Ground Cumin, Organic Ground Ginger, and Organic Paprika (collectively, the "Products"), contain (or risk containing) lead, arsenic, and cadmium (collectively, "Heavy Metals"). Class Action Complaint ("CAC"), ¶ 1.

A November 2021 report by Consumer Reports states that the offending herbs and spices, including the Products, "had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical servicing sizes. Most raise concern for adults, too." *Id.*, ¶ 2. This is disconcerting for consumers, like Plaintiffs, because Heavy Metals in foods pose a serious safety risk to consumers because they can cause cancer and serious and often irreversible damage to human health. *Id.*, ¶¶ 3, 12-15.

Consumers who purchased the Products are injured by Defendant's omissions concerning the presence (or risk) of Heavy Metals. No reasonable consumer would know, or have reasons to know, that the Products contain (or risk containing) Heavy Metals. Worse, as companies across the industry

have adopted methods to limit heavy metals in their herbs and spices, Defendant has stood idly by with a reckless disregard for its consumers' health and well-being. As such, Plaintiffs seek relief in this action individually and as a Nationwide Class on behalf of all purchasers of the Products. Plaintiffs also seek to represent a California Subclass, composed of all purchasers of the Products from within that state. *Id.*, ¶ 67.

**B. Defendant's Statement**

For the reasons stated in Walmart's motion to dismiss briefing (ECF Nos. 27, 28), Plaintiffs do not allege any actual or threatened harm based on the trace quantities of metals that naturally exist in tiny amounts throughout the nation's food supply. As a result, Plaintiffs have not identified any concrete or particularized injury necessary to establish standing under controlling law.

It is a judicially noticeable fact, publicly acknowledged by the agencies that oversee the United States food supply, that elements existing in the air, water and soil are frequently taken up in tiny amounts during a plant's growing process and cannot be avoided no matter how a plant is cultivated. As a result, those elements naturally exist in trace amounts in foods, including herbs and spices – which consumers consume in minute amounts – meaning the amount of naturally occurring metals a person may consume from eating herbs and spices is miniscule.

Both the FDA and USDA acknowledge that naturally occurring arsenic, cadmium and lead are ubiquitous in the food supply, are taken up during the growing process no matter how an agricultural product is cultivated (*e.g.*, organic, home-grown, small farm, etc.), and that such naturally occurring metals cannot be avoided. *See* FDA.gov, Metals and Your Food, available at: https://www.fda.gov/food/chemical-contaminants-metals-pesticides-food/metals-and-your-food(accessed September 19, 2022) ("[m]etals, like other naturally occurring elements, enter our food supply through our air, water and soil"). "[T]he FDA monitors, tests, and sets standards for metals in foods, animal feed and in cosmetics. When the level of metals is determined to be unsafe, the FDA uses its authority to take action on a case-by-case basis." FDA.gov, Metals and Your Food, available at: https://www.fda.gov/food/chemical-contaminants-metals-pesticides-food/metals-and-your-food (accessed September 19, 2022). No regulatory action has been taken by the FDA or USDA with respect to the Great Value products alleged in Plaintiffs' complaint.

Rather than confront these indisputable science-based facts, Plaintiffs' complaint is based entirely on a nonauthoritative Consumer Reports article published in November 2021 titled "Your Herbs and Spices Might Contain Arsenic, Cadmium, and Lead." *See* Lisa L. Gill, Your Herbs and Spices Might Contain Arsenic, Cadmium, and Lead, CONSUMER REPORTS, Nov. 9, 2021, https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/. The vague conclusions of this article are the focal point of Plaintiffs' speculative complaint which does not (and cannot) allege that they have been injured by the trace metals that are indisputably naturally occurring.

## III. Legal Issues

### A. Plaintiffs' Statement

Plaintiffs submit that the following legal issues are relevant to this action:

- Whether the Products contain toxic Heavy Metals;
- Whether Defendant's conduct is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers;
- Whether the amount of toxic Heavy Metals in the Products is material to a reasonable consumer;
- Whether Defendant had a duty to disclose that its Products had toxic Heavy Metals;
- Whether Plaintiffs and members of the proposed Classes are entitled to injunctive and other equitable relief;
- Whether Defendant failed to disclose material facts concerning the Products;
- Whether Defendant's conduct was unfair and/or deceptive;
- Whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiffs and members of the Proposed Classes;
- Whether Defendant breached implied warranties to Plaintiffs and the Class members;
- Whether Defendant violated California consumer protection and deceptive practice statutes and are entitled to damages and/or treble damages under such state statutes; and

- Whether Plaintiffs and the Class members have sustained damages with respect to the common-law claims asserted, and, if so, the proper measure of their damages.

**B. Defendant's Statement**

Walmart submits that the following legal issues are relevant to this action:

- Whether Plantiffs state any claim upon which relief can be granted;
- Whether Plaintiffs have alleged any injury or future harm sufficient to establish Article III standing to pursue their claims and/or to seek injunctive relief;
- Whether Walmart made any relevant representations regarding the products at issue;
- Whether Plaintiffs have pleaded any plausible reliance on any alleged omission from the product label;
- Whether Plaintiffs can state a claim for "unlawful" conduct under the UCL because there is no allegation that the products fail to comply with FDA regulations;
- Whether Plaintiffs' breach of implied warranty claims fail because Plaintiffs cannot allege that the challenged products were not fit for their ordinary purpose;
- Whether Plaintiffs' unjust enrichment claim fails because California law does not recognize it as an independent cause of action on these facts;
- Whether Plaintiffs' negligent failure to warn claim fails for lack of a legal duty;
- Whether Plaintiffs can properly assert a general "fraud" claim or any other claim on behalf of proposed class members residing in all fifty states and the District of Columbia;
- Whether class certification is proper, including whether the requirements of Rule 23 are met, including but not limited to the requirements of commonality, typicality, ascertainability, predominance, manageability, and superiority;
- Whether Walmart is entitled to summary judgment regarding any of Plaintiffs' claims or Walmart's defenses;
- Whether Plaintiffs and/or the putative class members have suffered any actual injury caused by the alleged conduct and whether such injuries, if any, can be established through common proof; and

- Whether the Court can exercise personal jurisdiction over Walmart for purported claims asserted by Plaintiffs on behalf of proposed class members who are not residents of California.

## IV. Motions

On June 6, 2022, Plaintiffs filed their Class Action Complaint. ECF No. 1.

On August 4, 2022, the Parties filed a Stipulation Extending Deadline for Defendant's Response to Complaint and Setting Briefing Schedule on Any Motion to Dismiss. ECF No. 16.

On August 5, 2022, the Court Granted the Parties' Stipulation, setting Defendant's deadline for responsive pleadings as September 19, 2022; Plaintiffs' Opposition as October 19, 2022; and Defendant's Reply as November 9, 2022.

Accordingly, Defendant filed its Motion to Dismiss on September 19, 2022. ECF No. 25. Plaintiffs filed their Opposition on October 19, 2022. ECF No. 27. Defendant replied on November 9, 2022. ECF No. 28. In the event that the Court dismisses the Complaint, in whole or in part, with leave to amend, the Parties anticipate there may be further briefing on any amended complaint.

Plaintiffs anticipate moving for class certification by no later than nine months after Defendant's Answer. In addition, if needed, the Parties will file discovery-related motions as appropriate. Walmart anticipates moving for summary judgment when appropriate, pursuant to the Federal Rules of Civil Procedure and Civil Local Rules, on any claims that are not dismissed following the Court's determination on Walmart's pending motion to dismiss (and/or any subsequent motion, if any, filed in response to an amended pleading).

## V. Amendment of Pleadings

The Parties propose that the deadline to join additional parties or amend the pleadings be set for 60 days from the date of the upcoming Case Management Conference. Plaintiffs do not intend to add any additional parties or amend the pleadings at this time but reserve their rights to seek leave to amend for cause in the future on any available basis (*e.g.*, following rulings on any motions to dismiss).

## VI. Evidence Preservation

The parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action. The Parties have agreed to further discuss: (a) the identification of relevant and discoverable ESI; (b) the scope of discoverable ESI to be preserved and produced by the Parties; (c) the formats for preservation and production of ESI; (d) the protection of confidential and proprietary information; (e) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (f) any other relevant ESI issues involved in the case that may arise. The Parties will meet and confer to draft an appropriate protective order to govern the use and handling of documents and materials designated as "confidential" and anticipate submitting a stipulated protective order to the Court within 60 days of the opening of discovery.

Currently, both Parties are taking appropriate steps to preserve documents and data they reasonably believe may be relevant in this litigation.

## VII. Disclosures

The Parties agree to serve their Initial Disclosures as required under Rule 26(a) of the Federal Rules of Civil Procedure within 14 days of the Court's order on Defendant's Motion to Dismiss. The parties do not propose any changes to the form or requirements of Rule 26(a).

## VIII. Discovery

### A. Identified Discovery Disputes

The parties are not aware of any discovery disputes at this time.

### B. Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

#### i. Written Discovery and Oral Depositions

Each party may serve up to twenty-five (25) written interrogatories. The parties reserve the right to serve additional written interrogatories by stipulation or by motion if such discovery becomes necessary during the course of discovery.

The Plaintiffs and the Defendant agree to each be bound by the usual limit of ten (10) fact depositions. The Parties reserve the right to take additional depositions by stipulation or by motion if additional depositions are necessary and proportionate.

**ii. <u>Disclosure of Expert Testimony</u>**

The parties propose that class certification expert reports shall be due along with the Plaintiffs' motion for class certification and Defendant's opposition thereto, respectively. *See infra* Section 17.

**iii. <u>Service of Discovery</u>**

The parties agree to accept service of discovery and discovery responses by email.

**iv. <u>Rule 26(f)(3)(a): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).</u>**

No changes are necessary to the form of the Rule 26(a) disclosures; the parties will exchange Initial Disclosures within 14 days of the date of the Court's Order on Defendant's Motion to Dismiss.

**v. <u>Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues</u>.**

The Parties will meet and confer regarding a discovery schedule and whether discovery should be conducted in phases. The parties anticipate that they will seek discovery regarding the subjects listed below. The Parties agree that the fact discovery period will begin after the Court issues its order on Defendant's Motion to Dismiss. The Parties anticipate that they will seek discovery regarding the subjects listed below.

**<u>Plaintiffs' position</u>.** Plaintiffs anticipate seeking discovery regarding, among other things, the following: (1) all labeling, advertisement, and marketing of the Products; (2) all information concerning the design development, and/or testing of the Products; (3) sales data for the Products, including the total number of units sold and total amount of money generated from the sales of the Products; (4) all communications with customers concerning complaints related to the Products; (5) all communications with third parties concerning Heavy Metals in the Products; (6) all of Defendant's internal communications regarding the presence or risk of Heavy Metals in the Products;

(7) all documents concerning Defendant's remediation efforts with respect to Heavy Metals in the Products; (8) all documents concerning Defendant's suppliers in connection with the presence or risk of Heavy Metals in the Products; (9) all applicable insurance documents; and (10) any affirmative defenses Defendant may raise.

**Defendant's position**.

Should this action proceed to the discovery phase, Walmart expects to pursue discovery relating to Plaintiffs' claims and Walmart's defenses in this action, including but not limited to: (1) the facts and circumstances surrounding Plaintiffs' purchase of the products that are at issue in this case; (2) Plaintiffs' experiences with the products that are at issue in this case, as well as the inspection and testing of such products; (3) information concerning Consumer Reports article and any other authorities Plaintiffs purport to rely upon; (4) the actions and pronouncements of federal agencies in charge of regulating the products at issue in this case; (5) relevant information regarding the supply to Walmart of the products that are at issue in this case; (6) any information that Plaintiffs intend to rely upon for purposes of demonstrating their alleged damages and any purported damages of any member of Plaintiffs' proposed classes; (7) Plaintiffs' compliance with the notice (and any other) requirements for their statutory claims; (8) Plaintiffs' compliance with the applicable limitations period to assert claims on behalf of themselves and proposed class members; (9) the consumption by Plaintiffs and proposed class members of the products and actual exposure to naturally occurring trace elements, if any, as a result of such consumption; and (10) the actual exposure by Plaintiffs and proposed class members to naturally occurring trace elements as a result of consumption of other foods and via other means.

**vi. Rule 26(f)(3)(C): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to discovery of ESI. They agree to meet and confer regarding any such issues in the event they arise and to ensure that production of such documents occurs in a practical manner that minimizes the burden and expense to the parties in accordance with the parties' protocol on ESI.

**vii. Rule 26(f)(3)(D): Any issues relating to claims of privilege or of protection as to trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues relating to claims of privilege or protection as to trial-preparation material. The parties agree to meet and confer regarding the appropriate scope, content, and form for the privilege log. The parties will comply with Fed. R. Civ. P. 26(b)(5) with regard to inadvertent disclosures.

**viii. Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

The parties do not anticipate any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or any other limitations.

**C. Discovery And Class Certification Schedule**

*See infra* Section 17, Scheduling.

## IX. Class Actions

**A. Plaintiffs' Statement**

This action is being brought and is maintainable as a class action under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4) on behalf of all persons within the United States who purchased, other than for resale, the Products during the Class Period.

Plaintiffs propose the following schedule for the class certification motion:

(1) Plaintiffs will file their motion for class certification eleven (11) months after Defendant files its Answer;

(2) Defendant will file its opposition to class certification approximately thirteen (13) months after Defendant files its Answer;

(3) Plaintiffs will file their reply in support of class certification approximately fourteen (14) months after Defendant files it Answer.

This proposal assumes that discovery commences promptly following Walmart's filing of its Answer. Counsel have reviewed the Procedural Guidance for Class Action Settlements.

**B. Defendant's Statement**

Walmart disagrees with Plaintiffs' statement above on the merits of the claims asserted on behalf of proposed classes, including because, *inter alia*, Plaintiffs themselves fail to state claims upon which relief can be granted and Walmart has meritorious defenses to the individual claims of Plaintiffs and members of the proposed classes. Walmart contends that the proposed class cannot be certified in this action because Plaintiffs will be unable to satisfy the requirements of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4).

Walmart agrees to Plaintiffs' proposal for the timing of the determination of class certification.

## X. Related Cases

The parties are unaware of any related cases.

## XI. Relief

Plaintiffs seek compensatory damages and/or restitution, injunctive relief, punitive damages, and reasonable attorneys' fees, costs, and expenses.

## XII. Settlement and ADR

The Parties have met and conferred in compliance with ADR Local Rule 3-5. The Parties are open to private mediation, but contend that any mediation should occur, at the earliest, after the Court rules on Walmart's motion to dismiss.

## XIII. Consent to Magistrate Judge For All Purposes

The Parties decline to have a magistrate judge conduct all further proceedings.

## XIV. Other References

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. Narrowing Of Issues

The parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

## XVI. Expedited Trial Procedure

The parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

## XVII. Scheduling

The Parties respectfully submit that they will be in a better position to propose (1) a discovery schedule after the resolution of Defendant's motion to dismiss and (2) a pre-trial schedule after resolution of Plaintiffs' anticipated motion for class certification. The Court's decision on class certification will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class-wide claims.

Therefore, the parties propose that the Court schedule a case management conference within thirty (30) days after it issues an order on Plaintiffs' anticipated motion for class certification and require the parties to meet and confer regarding the remainder of the pre-trial schedule at that time. The parties will also propose a deadline to complete court-sponsored mediation. At this time, the parties propose that the Court adopt the following schedule for class certification briefing but defer setting dates for other pre-trial events until after the Court issues a ruling on class certification:

| Scheduled Event | Parties' Proposed Dates |
|---|---|
| Deadline to file a motion to amend the pleadings or add parties | February 6, 2023 |
| Deadline to File Motion for Class Certification | Eleven (11) months after Walmart's Answer. |
| Deadline to File Class Certification Opposition Brief | Thirteen (13) months after Walmart's Answer. |
| Deadline to File Class Certification Reply | Fourteen (14) months after Walmart's Answer. |
| Class Certification Hearing | Fifteen (15) months after the date of filing of Walmart's Answer. |

The Parties will meet and confer regarding dates certain for all deadlines that are keyed off of any answer within 14 days of a Court order establishing a deadline for Walmart's answer and submit a proposed order with the specific agreed-upon deadlines within 7 days thereafter.

**XVIII. Trial**

Plaintiffs request a jury trial on any claims so triable. At this time, the parties believe it is premature to determine the timing and duration of trial because the outcomes of Walmart's pending motion to dismiss and Plaintiffs' anticipated motion for class certification will likely impact the timing and duration of trial. The parties believe that it is also premature to schedule a trial date or other pretrial deadlines until after a ruling on Plaintiffs' anticipated class certification motion.

**XIX. Professional Conduct**

Counsel for the Parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI. Other Matters**

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: November 30, 2022

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Sean L. Litteral (State Bar No. 331985)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
slitteral@bursor.com

Kevin Laukaitis
Jonathan Shub
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
klaukaitis@shublawyers.com
jshub@shublawyers.com

Gary E. Mason
Danielle Perry
**MASON LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: (202) 640-1168
Fax: (202) 429-2294

gmason@masonllp.com
dperry@masonllp.com

Lori G. Feldman*
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Tel: (833) 346-3587
Fax: (888) 421-4173
lfeldman@4-justice.com
eservice@4-justice.com

David J. George
Brittany L. Brown
**GEORGE GESTEN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Tel: (561) 232-6002
Fax: (888) 421-4173
dgeorge@4-justice.com
bbrown@4-justice.com
eservice@4-justice.com

Michael Liskow (State Bar No. 243899)
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Tel: (212) 899-1765
Fax: (332) 206-2073
mliskow@calcaterrapollack.com

**pro hac vice to be filed*

*Attorneys for the Plaintiffs and the Proposed Classes*

Dated: November 30, 2022

**KING & SPALDING LLP**

By: */s/ Livia M. Kiser*

Livia M. Kiser (SBN #285411)
lkiser@kslaw.com
Ethan P. Davis (SBN #294683)
edavis@kslaw.com
Samuel R. Diamant (SBN #288738)
sdiamant@kslaw.com
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendant Walmart Inc.*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), the filer of this document attests that all signatories have concurred in its filing.

Dated: November 30, 2022

By: *__/s/ L. Timothy Fisher__*
L. Timothy Fisher