**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

*Attorneys for Plaintiffs and the Proposed Classes*
*[Additional counsel listed on signature page]*

**KING & SPALDING LLP**
LIVIA M. KISER (SNB 285411)
lkiser@kslaw.com
ETHAN P. DAVIS (SBN 294683)
edavis@kslaw.com
SAMUEL R. DIAMANT (SBN 288738)
sdiamant@kslaw.com
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 319-1300

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN GAGETTA and TRACIE GOMEZ,<br><br>       Plaintiffs,<br>      v.<br><br>WALMART INC.,<br><br>       Defendant | Case No. 3:22-cv-03757-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Araceli Martinez-Olguin |

Plaintiffs Susan Gagetta and Tracie Gomez (collectively, "Plaintiffs") and Defendant Walmart Inc. ("Defendant" or "Walmart") respectfully submit this Joint Case Management Statement pursuant to the Court's May 10, 2023 Order Reassigning Case, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

I.   **Jurisdiction and Service**

Defendant has been served.  Plaintiffs are unaware of any issues concerning personal jurisdiction or venue.  Plaintiffs' position is that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Plaintiffs contend that there are no issues with personal jurisdiction; Walmart notes that although it believes Plaintiffs' claims are entirely without merit, it does not (and would not) consent to personal jurisdiction for any proposed class members that reside outside of the State of California.  Walmart does not contest service.

II.   **Facts**

A.   **Plaintiffs' Statement**

This case arises from Defendant's continuing failure to disclose to consumers that certain of its herbs and spices sold under the brand name "Great Value," including Great Value's Basil Leaves, Chili Powder, Ground Cumin, Organic Ground Ginger, and Organic Paprika (collectively, the "Products"), contain (or risk containing) lead, arsenic, and cadmium (collectively, "Heavy Metals"). First Amended Class Action Complaint ("FAC"), ¶ 1.

A November 2021 report by Consumer Reports states that the offending herbs and spices, including the Products, "had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical serving sizes.  Most raise concern for adults, too." *Id.* ¶ 2.  This is disconcerting for consumers, like Plaintiffs, because Heavy Metals in foods pose a significant safety risk to consumers because they can cause cancer and serious and often irreversible damage to human health.  *Id.* ¶¶ 3, 12-15.

Consumers who purchased the Products are injured by Defendant's omissions concerning the presence (or risk) of Heavy Metals.  No reasonable consumer would know, or have reasons to know, that the Products contain (or risk containing) Heavy Metals.  Worse, as companies across the industry

have adopted methods to limit heavy metals in their herbs and spices, Defendant has stood idly by with a reckless disregard for its consumers' health and well-being.  As such, Plaintiffs seek relief in this action individually and as a Nationwide Class on behalf of all purchasers of the Products. Plaintiffs also seek to represent a California Subclass, composed of all purchasers of the Products from within that state.  *Id.* ¶¶ 68-69.

### B.    Defendant's Statement

Plaintiffs do not allege any actual or threatened harm based on the trace quantities of metals that naturally exist in tiny amounts throughout the nation's food supply.  As a result, Plaintiffs have not identified any concrete or particularized injury necessary to establish standing under controlling law.

It is a judicially noticeable fact, publicly acknowledged by the agencies that oversee the United States food supply, that elements existing in the air, water and soil are frequently taken up in tiny amounts during a plant's growing process and cannot be avoided no matter how a plant is cultivated.  As a result, those elements naturally exist in trace amounts in foods, including herbs and spices – which consumers consume in minute amounts – meaning the amount of naturally occurring metals a person may consume from eating herbs and spices is miniscule.

Both the FDA and USDA acknowledge that naturally occurring arsenic, cadmium and lead are ubiquitous in the food supply, are taken up during the growing process no matter how an agricultural product is cultivated (*e.g.*, organic, home-grown, small farm, etc.), and that such naturally occurring metals cannot be avoided.  *See* FDA.gov, Metals and Your Food, available at: https://www.fda.gov/food/chemical-contaminants-metals-pesticides-food/metals-and-your-food(accessed September 19, 2022) ("[m]etals, like other naturally occurring elements, enter our food supply through our air, water and soil").   "[T]he FDA monitors, tests, and sets standards for metals in foods, animal feed and in cosmetics. When the level of metals is determined to be unsafe, the FDA uses its authority to take action on a case-by-case basis."  FDA.gov, Metals and Your Food, available  at: https://www.fda.gov/food/chemical-contaminants-metals-pesticides-food/metals-and-your-food (accessed September 19, 2022).  No regulatory action has been taken by the FDA or USDA with respect to the Great Value products alleged in Plaintiffs' complaint.

Rather than confront these indisputable science-based facts, Plaintiffs' complaint is based entirely on a nonauthoritative Consumer Reports article published in November 2021 titled "Your Herbs and Spices Might Contain Arsenic, Cadmium, and Lead."   *See* Lisa L. Gill, Your Herbs and Spices Might Contain Arsenic, Cadmium, and Lead, CONSUMER REPORTS, Nov. 9, 2021, https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/.   The vague conclusions of this article are the focal point of Plaintiffs' speculative complaint which does not (and cannot) allege that they have been injured by the trace metals that are indisputably naturally occurring.

III.   **<u>Legal Issues</u>**

    A.    **Plaintiffs' Statement**

Plaintiffs submit that the following legal issues are relevant to this action:

- Whether the Products contain toxic Heavy Metals;
- Whether the presence of toxic Heavy Metals in the Products (or risk of containing same) is material to a reasonable consumer;
- Whether Defendant had a duty to disclose that its Products contain or risk containing toxic Heavy Metals;
- Whether Plaintiffs and members of the proposed Classes are entitled to injunctive and other equitable relief;
- Whether Defendant failed to disclose material facts concerning the Products;
- Whether Defendant's conduct was unfair and/or deceptive;
- Whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct;
- Whether Defendant violated California consumer protection and deceptive practice statutes and are entitled to damages and/or treble damages under such state statutes; and
- Whether Plaintiffs and the Class members have sustained damages with respect to the common-law claims asserted, and, if so, the proper measure of their damages.

    B.    **Defendant's Statement**

Walmart submits that the following legal issues are relevant to this action:

- Whether Plaintiffs state any claim upon which relief can be granted;

- Whether Plaintiffs have alleged any injury or future harm sufficient to establish Article III standing to pursue their claims and/or to seek injunctive relief;

- Whether Walmart made any relevant representations regarding the products at issue;

- Whether Plaintiffs have pleaded any plausible reliance on any alleged omission from the product label;

- Whether Plaintiffs can state a claim for "unlawful" conduct under the UCL because there is no allegation that the products fail to comply with FDA regulations;

- Whether Plaintiffs' breach of implied warranty claims fail because Plaintiffs cannot allege that the challenged products were not fit for their ordinary purpose;

- Whether Plaintiffs' unjust enrichment claim fails because California law does not recognize it as an independent cause of action on these facts;

- Whether Plaintiffs' negligent failure to warn claim fails for lack of a legal duty;

- Whether Plaintiffs can properly assert a general "fraud" claim or any other claim on behalf of proposed class members residing in all fifty states and the District of Columbia;

- Whether class certification is proper, including whether the requirements of Rule 23 are met, including but not limited to the requirements of commonality, typicality, ascertainability, predominance, manageability, and superiority;

- Whether Walmart is entitled to summary judgment regarding any of Plaintiffs' claims or Walmart's defenses;

- Whether Plaintiffs and/or the putative class members have suffered any actual injury caused by the alleged conduct and whether such injuries, if any, can be established through common proof; and

- Whether the Court can exercise personal jurisdiction over Walmart for purported claims asserted by Plaintiffs on behalf of proposed class members who are not residents of California.

## IV.    Motions

On June 6, 2022, Plaintiffs filed their Class Action Complaint.  ECF No. 1.  Defendant filed its Motion to Dismiss on September 19, 2022.  ECF No. 25.  Plaintiffs filed their Opposition on October 19, 2022.  ECF No. 27.  Defendant replied on November 9, 2022.  ECF No. 28.  Judge William H. Orrick issued an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss on December 19, 2022.  Plaintiffs filed their First Amended Complaint on January 5, 2023.  Defendant answered on February 9, 2023.

As set forth in Section 17 below, Plaintiffs anticipate moving for class certification by January 9, 2024.  In addition, if needed, the Parties will file discovery-related motions as appropriate.  Walmart anticipates moving for summary judgment when appropriate, pursuant to the Federal Rules of Civil Procedure and Civil Local Rules.

## V.    Amendment of Pleadings

The Parties propose that the deadline to join additional parties or amend the pleadings be set for June 30, 2023.  Plaintiffs do not intend to add any additional parties or amend the pleadings at this time but reserve their rights to seek leave to amend for cause in the future on any available basis.

## VI.    Evidence Preservation

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.  The Parties are presently meeting and conferring regarding an appropriate protective order to govern the use and handling of documents and materials designated as "confidential" and anticipate submitting a stipulated protective order to the Court shortly.

Currently, both Parties are taking appropriate steps to preserve documents and data they reasonably believe may be relevant in this litigation.

## VII.    Disclosures

The Parties have exchanged initial disclosures.

1  **VIII.**  **Discovery**

2  **A.**  **Identified Discovery Disputes**

3  The Parties are not aware of any discovery disputes at this time.  Plaintiffs served their first

4  set of document requests on February 9, 2023.  Defendant responded on March 30, 2023.  The

5  Parties are currently meeting and conferring about a protective order and Defendant's responses.

6  **B.**  **Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

7  **i.**  **Written Discovery and Oral Depositions**

8  Each party may serve up to twenty-five (25) written interrogatories.  The Parties reserve the

9  right to serve additional written interrogatories by stipulation or by motion if such discovery becomes

10  necessary during the course of discovery.

11  Plaintiffs and the Defendant agree to each be bound by the usual limit of ten (10) fact

12  depositions.  The Parties reserve the right to take additional depositions by stipulation or by motion

13  if additional depositions are necessary and proportionate.

14  **ii.**  **Disclosure of Expert Testimony**

15  The Parties propose that class certification expert reports shall be due along with the

16  Plaintiffs' motion for class certification and Defendant's opposition thereto, respectively.  *See infra*

17  Section 17.

18  **iii.**  **Service of Discovery**

19  The Parties agree to accept service of discovery and discovery responses by email.

20  **iv.**  **Rule 26(f)(3)(a):  What changes should be made in the timing, form, or**

21  **requirement for disclosures under Rule 26(a).**

22  The Parties have exchanged initial disclosures.

23  **v.**  **Rule 26(f)(3)(B):  The subjects on which discovery may be needed, when**

24  **discovery should be completed, and whether discovery should be**

25  **conducted in phases or be limited to or focused upon particular issues**.

26  The Parties anticipate that they will seek discovery regarding the subjects listed below.

27  **Plaintiffs' position.** Plaintiffs seek discovery regarding, among other things, the following:

28  (1) all labeling, advertisement, and marketing of the Products; (2) all information concerning the

design development, and/or testing of the Products; (3) sales data for the Products, including the total number of units sold and total amount of money generated from the sales of the Products; (4) all communications with customers concerning complaints related to the Products; (5) all communications with third parties concerning Heavy Metals in the Products; (6) all of Defendant's internal communications regarding the presence or risk of Heavy Metals in the Products; (7) all documents concerning Defendant's remediation efforts with respect to  Heavy Metals in the Products; (8) all documents concerning Defendant's suppliers in connection with the presence or risk of Heavy Metals in the Products; (9) all applicable insurance documents; and (10) any affirmative defenses Defendant may raise.

**Defendant's position**.

Walmart expects to pursue discovery relating to Plaintiffs' claims and Walmart's defenses in this action, including but not limited to: (1) the facts and circumstances surrounding Plaintiffs' purchase of the products that are at issue in this case; (2) Plaintiffs' experiences with the products that are at issue in this case, as well as the inspection and testing of such products; (3) information concerning Consumer Reports article and any other authorities Plaintiffs purport to rely upon; (4) the actions and pronouncements of federal agencies in charge of regulating the products at issue in this case; (5) relevant information regarding the supply to Walmart of the products that are at issue in this case;  (6) any information that Plaintiffs intend to rely upon for purposes of demonstrating their alleged damages and any purported damages of any member of Plaintiffs' proposed classes; (7) Plaintiffs' compliance with the notice (and any other) requirements for their statutory claims; (8) Plaintiffs' compliance with the applicable limitations period to assert claims on behalf of themselves and proposed class members; (9) the consumption by Plaintiffs and proposed class members of the products and actual exposure to naturally occurring trace elements, if any, as a result of such consumption; and (10) the actual exposure by Plaintiffs and proposed class members to naturally occurring trace elements as a result of consumption of other foods and via other means.

**vi.** **Rule 26(f)(3)(C):   Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties do not anticipate any issues relating to discovery of ESI.  They expect to submit an agreed protocol shortly.

**vii.** **Rule 26(f)(3)(D):  Any issues relating to claims of privilege or of protection as to trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.**

The Parties do not anticipate any issues relating to claims of privilege or protection as to trial-preparation material.  The parties agree to meet and confer regarding the appropriate scope, content, and form for the privilege log.  The parties will comply with Fed. R. Civ. P. 26(b)(5) with regard to inadvertent disclosures.

**viii.** **Rule 26(f)(3)(E):  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

The Parties do not anticipate any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or any other limitations.

**C.** **Discovery And Class Certification Schedule**

*See infra* Section 17, Scheduling.

**IX.** **Class Actions**

Plaintiffs have brought this case as a class action under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4) on behalf of all persons within the United States who purchased, other than for resale, the Products during the relevant limitations periods.  Walmart contends that the proposed class cannot be certified in this action because Plaintiffs will be unable to satisfy the requirements

of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4).  The Parties have agreed to the class certification briefing schedule set forth in Section 17.

**X.   Related Cases**

The Parties are unaware of any related cases.

**XI.   Relief**

Plaintiffs seek compensatory damages and/or restitution, injunctive and declaratory relief, punitive damages, and reasonable attorneys' fees, costs, and expenses.

**XII.   Settlement and ADR**

The Parties have scheduled a mediation for July 5, 2023 with Judge Rosalyn Chapman (Ret.).

**XIII.   Consent to Magistrate Judge For All Purposes**

The Parties decline to have a magistrate judge conduct all further proceedings.

**XIV.   Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   Narrowing Of Issues**

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

**XVI.   Expedited Trial Procedure**

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

**XVII.   Scheduling**

In their prior Joint Case Management Conference Statement, the Parties proposed a class certification schedule based on the date Defendant answered the complaint.  Now that Defendant has answered, the Parties propose the following class certification schedule:

| Scheduled Event | Parties' Proposed Dates |
|---|---|
| Deadline to file a motion to amend the pleadings or add parties | June 30, 2023 |
| Deadline to File Motion for Class Certification | January 9, 2024. |

| Deadline to File Class Certification Opposition Brief | March 11, 2024 |
|---|---|
| Deadline to File Class Certification Reply | April 11, 2024 |
| Class Certification Hearing | May 16, 2024 at 2:00 p.m. |

The Parties propose that the Court schedule a case management conference within thirty (30) days after it issues an order on Plaintiffs' motion for class certification and require the Parties to meet and confer regarding the remainder of the pre-trial schedule at that time.

## XVIII. Trial

Plaintiffs request a jury trial on any claims so triable.  The Parties believe that it is also premature to schedule a trial date or other pretrial deadlines until after a ruling on Plaintiffs' anticipated class certification motion.

## XIX.   Professional Conduct

Counsel for the Parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   Other Matters

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.


Dated: May 31, 2023                    **BURSOR & FISHER, P.A.**

                                       By:_____/s/ L. Timothy Fisher_____

                                       L. Timothy Fisher (State Bar No. 191626)
                                       1990 North California Boulevard, Suite 940
                                       Walnut Creek, CA  94596
                                       Telephone: (925) 300-4455
                                       Facsimile:  (925) 407-2700
                                       E-Mail: ltfisher@bursor.com

                                       Kevin Laukaitis*
                                       **LAUKAITIS LAW FIRM LLC**
                                       954 Avenida Ponce De León
                                       Suite 205, #10518
                                       San Juan, Puerto Rico 00907
                                       Phone: (215) 789-4462
                                       Email: klaukaitis@laukaitislaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jonathan Shub (SBN 237708)
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
T: 610-477-8380
jshub@shublawyers.com

Gary E. Mason*
Danielle Perry (State Bar No. 292120)
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 460
Washington, DC 20015
Tel: (202) 640-1168
Fax: (202) 429-2294
gmason@masonllp.com
dperry@masonllp.com

Lori G. Feldman*
**GEORGE FELDMAN MCDONALD,        PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Tel: (833) 346-3587
Fax: (888) 421-4173
lfeldman@4-justice.com
eservice@4-justice.com

David J. George*
Brittany L. Brown*
**GEORGE FELDMAN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Tel: (561) 232-6002
Fax: (888) 421-4173
dgeorge@4-justice.com
bbrown@4-justice.com
eservice@4-justice.com

Janine L. Pollack*
Michael Liskow (State Bar No. 243899)
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Tel: (212) 899-1765
Fax: (332) 206-2073
mliskow@calcaterrapollack.com

*pro hac vice to be filed*

*Attorneys for the Plaintiffs and the Proposed Classes*

1

Dated: May 31, 2023                          **KING & SPALDING LLP**

2

By: _/s/ Livia M. Kiser_

3

Livia M. Kiser (SBN #285411)

4

lkiser@kslaw.com
Ethan P. Davis (SBN #294683)

5

edavis@kslaw.com
Samuel R. Diamant (SBN #288738)

6

sdiamant@kslaw.com
50 California Street, Suite 3300

7

San Francisco, California 94111
Telephone: (415) 318-1200

8

Facsimile: (415) 318-1300

9

*Attorneys for Defendant Walmart Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28