LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
ETHAN P. DAVIS (SBN 294683)
edavis@kslaw.com
SAMUEL R. DIAMANT (SBN 288738)
sdiamant@kslaw.com
ROSE H. JONES
rjones@kslaw.com (*Pro Hac Vice Pending*)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendant*
WALMART INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN GAGETTA and TRACIE GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 3:22-cv-03757-AMO<br><br>Hon. Araceli Martinez-Olguin<br><br>**DECLARATION OF ROSE JONES IN SUPPORT OF PROPOSED AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>Action Filed:   June 24, 2022 |

**DECLARATION OF ROSE JONES**

I, Rose Jones, declare as follows:

1. I am over the age of 18 years and not a party to this action. I have personal knowledge of the matters contained in this declaration and, if called as a witness to testify, I could and would competently testify to them.

2. I am an attorney with the law firm of King & Spalding LLP, counsel for Defendants Walmart Inc., ("Walmart") in the above-captioned matter. I am licensed to practice law in the State of Georgia and am ediscovery counsel for Walmart in multiple matters, including *Gagetta, et al. v. Walmart, Inc.,* Case No. 3:22-cv-03757-AMO (United States District Court, Northern California District) where my *pro hac vice* admission to this Court is pending. As ediscovery counsel, I have personal knowledge of Walmart's efforts to negotiate and draft the Proposed Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials in relation to the *Gagetta, et al. v. Walmart, Inc.* matter. ECF No. 57 ("Proposed Stipulated Protective Order").

3. Pursuant to the Standing Order for Civil Cases Before District Judge Araceli Martínez-Olguín, Section G, "Protective Orders," (revised May 10, 2023), I submit this declaration on behalf of Walmart in connection with the Proposed Stipulated Protective Order. This declaration provides an explanation for each of the modifications from the model order, along with a redline copy comparing the model protective order to the negotiated and mutually agreed upon Proposed Stipulated Protective Order, with the redline copy found at **Exhibit A** to this Declaration.

4. The definition of "CONFIDENTIAL Information or Items" was supplemented in Section 2.2 to include additional illustrative examples of the type of information that could be categorized under this confidentiality designation.

5. The definition of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items" was added in Section 2.7, and reference to it was added throughout the Proposed Agreed Protective Order in conjunction with any reference of CONFIDENTIAL designations.

6. The definition of "Protected Data" was added in Section 2.14 to provide clarity on the type of information that is protected by various state, federal, and foreign data protection laws.

7. Manner and Timing of Designations, Section 5.2, was supplemented to address (a) confidentiality designations for discovery responses, including answers to interrogatories, (b) additional details regarding confidentiality designations related to deposition testimony, and (c) the process of ensuring confidentiality designations are affixed to any hard copy or storage medium.

8. Manner and Timing of Designations, Section 5.4, was added to give instructions on how confidentiality designations can be changed by a producing party after materials have been produced.

9. Basic Principles, Section 7.1, was supplemented to confirm the parties will provide adequate security to protect produced data.

10. Section 7.3, was added to provide disclosure obligations for produced materials with HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations.

11. Section 7.4, was added to clarify and establish authorized uses of confidential materials.

12. Minor revisions were made in Sections 8 and 9 to specifically refer to "counsel of record" in the given matter.

13. Unauthorized Disclosure of Protected Material, Section 10, was supplemented to account for (a) a threatened unauthorized disclosure and (b) expected reasonable steps that should be taken to contain or limit a breach of protected material.

14. Inadvertent Production of Privileged or Otherwise Protected Information, Section 11, was supplemented to include additional language referencing non-waiver of privilege due to the inadvertent production of privileged information, specifically citing Fed. R. Evid. 502(d) and 28 U.S.C. § 1738. Language was also added to provide instructions on (a) how a receiving party should sequester produced documents it reasonably believes is privileged and (b) the procedure for a producing party to notify the receiving party of a clawback request.

15. Withholding of Information, Section 12.1, was added to allow for parties to produce non-relevant attachments to relevant emails with a slipsheet branded as "Attachment Withheld – Nonresponsive."

16. Withholding of Information, Section 12.2, was added to allow for parties to redact privileged, protected, sensitive, and/or non-relevant information from otherwise relevant produced documents.

17. Application of This Order to Production by Third Parties, Section 13, was added to allow third parties the ability to produce documents pursuant to the negotiated Proposed Agreed Protective Order.

18. Miscellaneous, Section 14, was supplemented to clarify (a) the admissibility of Confidential Material during a hearing or at trial, (b) that nothing in the Protective Order shall limit the ability of counsel to advise its clients, and (c) the Protective Order shall be in full force and effect until amended, modified, or rescinded by the Court.

19. Final Disposition, Section 15, was amended to provide additional detail on what must be destroyed and by whom.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 19th day of July 2023 in Atlanta, Georgia.

By: */s/ Rose Jones*  
Rose Jones  
King & Spalding, LLP

DECLARATION OF ROSE JONES IN SUPPORT OF PROPOSED AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS