1   LIVIA M. KISER (SBN 285411)
    lkiser@kslaw.com
2   MICHAEL L. RESCH (SBN 202909)
    mresch@kslaw.com
3   SAMUEL R. DIAMANT (SBN 288738)
    sdiamant@kslaw.com
4   **KING & SPALDING LLP**
    50 California Street, Suite 3300
5   San Francisco, California 94111
    Telephone: (415) 318-1200
6   Facsimile: (415) 318-1300

7   ROSE J. HUNTER JONES (*pro hac vice*)
    rjones@kslaw.com
8   **KING & SPALDING LLP**
    1180 Peachtree Street, NE Suite 1600
9   Atlanta, Georgia 30309
    Telephone: (404) 572-4600
10  Facsimile: (404) 572-5100

11  *Attorneys for Defendant*
    WALMART INC.

12

                    **UNITED STATES DISTRICT COURT**

13

                   **NORTHERN DISTRICT OF CALIFORNIA**

14

                      **SAN FRANCISCO DIVISION**

15

16

17  SUSAN GAGETTA and TRACIE GOMEZ, on      Case No. 3:22-cv-03757-AMO
    behalf of themselves and all others similarly
18  situated,                               Hon. Araceli Martínez-Olguín

19                    Plaintiffs,           **WALMART INC.'S OPPOSITION
                                            TO PLAINTIFFS' ADMINISTRATIVE
20           v.                             MOTION TO ENLARGE DEADLINE TO
                                            FILE PLAINTIFFS' CLASS
21  WALMART INC.,                           CERTIFICATION MOTION AND
                                            AMEND SUBSEQUENT DEADLINES**
                      Defendant.
22

23

24

25

26

27

28

---

DEFENDANT'S OPPOSITION TO                              CASE NO. 3:22-cv-03757-AMO
PLAINTIFFS' ADMIN. MOTION

## I.   INTRODUCTION

Plaintiffs Susan Gagetta and Tracie Gomez filed a request they styled as an "administrative motion" under Civil Local Rule 6-3 seeking a lengthy 120-day extension of all case deadlines set forth in the Court's Rule 16 scheduling order (ECF No. 66). The motion is procedurally improper and substantively deficient.

*First*, plaintiffs' motion does not comply with Civil Local Rule 16-2(d) ("Relief from Case Management Schedule"). Local Rule 16-2(d) expressly applies to requests, like this one, to modify a case management schedule, and requires a fully noticed motion under Civil Local Rule 7. *See* Civ. L.R. 16-2(d). As such, this motion is an improper attempt to short-circuit the process through an expedited request under Local Rule 6-3. Walmart promptly brought this procedural violation to the attention of plaintiffs' counsel, but they nonetheless insisted on proceeding with the motion.

*Second*, independent of their failure to comply with the Local Rules, plaintiffs have not met their burden to demonstrate that "good cause" exists to extend the case schedule, let alone by 120 days. This case has been pending since June 24, 2022, and Walmart previously agreed to a two-month extension of the parties' proposed case schedule. ECF No. 63, § XVII. The Court ordered the current March 14, 2024 deadline for plaintiffs' class certification motion on October 2, 2023. ECF No. 64. Thus, plaintiffs have known of the upcoming March 14, 2024 class certification deadline for over four months, and have presented no reason why they waited until less than one month before the deadline to file this procedurally improper motion. Indeed, the record shows that plaintiffs only have themselves (and their lack of diligence) to blame to the extent they feel that they would benefit from additional time to file their class certification motion. Among other things, plaintiffs expressly agreed to the discovery timelines, and Walmart has complied with its discovery obligations and commitments. If plaintiffs truly felt otherwise, they assuredly would have (and should have) sought relief from the Court before now.

## II.   BACKGROUND AND PROCEDURAL HISTORY

This putative consumer class action alleges that plaintiffs were economically harmed by purchasing certain Great Value herbs and spices because the product labels did not disclose the presence of trace quantities of certain elements. Virtually all items in the grocery store—including

fruits, vegetables, grains, frozen foods, soups, and salads—contain trace amounts of different elements on the periodic table, including naturally occurring metals like lead, arsenic, and cadmium, as well as other elements like zinc, because they exist in the environment including in the soil in which plants grow.

The ubiquity of arsenic, cadmium, and lead in the food supply is well known by FDA and USDA, as well as scientists in the field.[1] Indeed, "FDA tests food for arsenic, lead, cadmium, and mercury to monitor the safety of the U.S. food supply, enforce FDA regulations, and inform agency guidance to industry and advice to consumers."[2] FDA has not expressed any concern regarding the levels of trace elements in the Great Value products alleged in plaintiffs' complaint.

Plaintiffs filed this lawsuit on June 24, 2022 alleging that Walmart failed to disclose the trace quantities of elements (lead, arsenic, and cadmium) on certain Great Value product labels. ECF No. 1. Following briefing and hearing on a motion to dismiss before Judge Orrick, on January 9, 2023, plaintiffs filed their first amended complaint (ECF No. 40), which Walmart timely answered on February 9, 2023. ECF No. 43.

On May 10, 2023, this action was reassigned to the Honorable Araceli Martínez-Olguín. ECF No. 48. On May 31, 2023, the parties submitted a joint case management statement jointly proposing a deadline of January 9, 2024 for the filing of plaintiffs' class certification motion. ECF No. 55, § XVII. An order was not entered on that case management statement. The parties submitted a stipulated protective order on July 19, 2023 (ECF No. 57) and ESI protocol on September 11, 2023. ECF No. 59. On September 28, 2023, the parties submitted another joint case management statement which jointly requested a class certification motion deadline of March 14, 2024 (*i.e.*, two months later than the original January 2024 date that was previously proposed by the parties). ECF No. 63, § XVII. On October 2, 2023, the Court entered the Case Management Scheduling Order (ECF No. 64) with the deadlines that plaintiffs now seek to extend by this motion.

---

[1] See, e.g., FDA.gov, Environmental Contaminants in Food, available at: https://www.fda.gov/food/chemical-contaminants-pesticides/environmental-contaminants-food (accessed Feb. 16, 2024).

[2] FDA.gov, Testing Results for Arsenic, Lead, Cadmium and Mercury, available at: https://www.fda.gov/food/environmental-contaminants-food/testing-results-arsenic-lead-cadmium-and-mercury (accessed Feb. 16, 2024).

1    ### III.    PLAINTIFFS' REQUEST VIOLATES THE LOCAL RULES OF THIS COURT

2            Through their procedurally improper motion, plaintiffs request a four-month extension of

3    all case deadlines in the Court's Rule 16 Case Management Scheduling Order. *See* ECF No. 66-02

4    (plaintiffs' proposed order). But this Court's Local Rules provide that modifying a case

5    management schedule requires full notice and opportunity to be heard under Rule 7. Specifically,

6    Civil Local Rule 16-2(d) (titled "Relief from Case Management Schedule") clearly applies here

7    and requires a fully noticed motion under Civil Local Rule 7: "By serving and filing a motion with

8    the assigned Judge ***pursuant to Civil L.R. 7***, a party . . . may seek relief from an obligation imposed

9    by Fed. R. Civ. P. 16. . ." Civ. L.R. 16-2(d) (emphasis added). Had plaintiffs moved for their

10   extension under Civil Local Rule 7, as required, a hearing would have been set (*see* Civ. L.R. 7-

11   2(a)) and Walmart would have been given fourteen days to oppose the motion. Civ. L.R. 7-3(a).

12           Rather than follow the Local Rules governing the precise relief requested by this motion,

13   plaintiffs improperly moved under Rule 6-3 for motions "to enlarge or shorten time" which does

14   not apply to motions to alter the case management schedule. *Cf.* Civ. L.R. 16-2(d). Local Rule 16-

15   2(d) references Local Rule 7, ***not*** Local Rule 6-3, and plaintiffs must comply with these Rules. *See*

16   Standing Order for Civil Cases Before District Judge Araceli Martínez-Olguín ("Parties should

17   notice motions. . . pursuant to the Civil Local Rules"). The Local Rules seemingly recognize that

18   modifications to case management orders are sufficiently important to require full notice and an

19   opportunity to be heard, in comparison to other matters that may be heard on more expedited

20   timelines.

21           Walmart timely notified plaintiffs' counsel of this deficiency and provided them with the

22   opportunity to refile their request under Rule 7. Jones Decl. ¶ 2. Plaintiffs' counsel did not explain

23   why they believed the request was properly filed under Rule 6-3 and did not agree to refile their

24   request under the appropriate rule. *Id*.

25           Walmart is prejudiced by this conduct which deprives it of the fourteen-day timing for a

26   response under Local Rule 7-3(a). Plaintiffs' improperly fast-tracked motion under Local Rule 6-3

27   forced Walmart to respond in four calendar days over a holiday weekend. The Court should deny

28   plaintiffs' deficient motion on procedural grounds alone.

**IV.  PLAINTIFFS CANNOT DEMONSTRATE GOOD CAUSE FOR THEIR REQUEST**

Plaintiffs' motion is also properly denied on the merits because plaintiffs have not established "good cause." "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). The standard of "good cause" may be shown where pretrial deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002). "Good cause" focuses primarily on the diligence of the moving party. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). If the moving party was not diligent, the inquiry should end and the motion should be denied. *Zivkovic*, 302 F.3d at 1087. That is precisely the case here.

As an initial matter, the parties originally agreed that plaintiffs' class certification briefing would be filed by January 9, 2024 (ECF No. 55) and later agreed on September 28, 2023 that the motion would be filed on March 14, 2024 (ECF No. 63). Thus, plaintiffs have already received a two-month extension of the class certification briefing deadline that they originally proposed.

The timing of when the parties agreed to that March 14, 2024 date—*i.e.*, September 28, 2023—is particularly significant. Plaintiffs devote space in their motion complaining about delays in the negotiation of initial discovery matters such as the protective order, ESI protocol, and agreed-upon search terms. But plaintiffs agreed to the March 14, 2024 class certification deadline ***after*** the protective order was entered on July 19, 2023 (ECF No. 57) and ***after*** the ESI protocol was submitted on September 11, 2023. ECF No. 59. Further, the search terms were finalized on October 3, 2023 (Mot. 2), *i.e.*, over four months ago and only one day after the Court entered the case management order with the current schedule. ECF No. 64. Against this background, plaintiffs' reliance on the protective order, ESI protocol, and search terms does not withstand scrutiny.

Plaintiffs also cannot cite to Walmart's document production as their "good cause" showing. Most fundamentally, ***plaintiffs expressly agreed to the timing of Walmart's document production***. On October 17, 2023, Walmart disclosed its document custodians and added, "[w]e expect to begin production in December 2023 on a rolling basis . . ." Jones Decl. ¶ 3. On October 18, 2023, plaintiffs wrote back and did not comment on or object to the timing of the production. *Id*. Walmart complied with its agreement and produced 50 documents on December 28, 2023. Jones

1    Decl. ¶ 4. On February 2, 2024, Walmart produced another 514 documents. *Id*. In short, Walmart's

2    document production proceeded as agreed and was substantially complete well before the class

3    certification deadline.

4          Plaintiffs' request contains no specific detail regarding why an additional four months is

5    necessary for discovery in advance of the class certification motion. The following factors are

6    elided over in the motion and further demonstrate plaintiffs' lack of diligence:

7          Plaintiffs' undescribed need for depositions: Plaintiffs have not noticed a single deposition;

8    nor have they even raised a deposition schedule. Plaintiffs' motion also lacks any description of the

9    type of testimony needed for purposes of class certification. Having failed to serve deposition

10    notices or informally request dates for depositions since this case was filed in June 2022, plaintiffs'

11    vague reference in their motion to potential depositions cannot support the requested extension.

12          Plaintiffs' slow time to review documents: Despite having a total of five law firms

13    representing plaintiffs in this matter (*see* Motion at 5-6), the motion concedes that plaintiffs did not

14    fully review the 514 documents that Walmart recently produced. Motion 3:1-3. Plaintiffs plainly

15    can review and incorporate these materials into class certification briefing due next month.

16          Plaintiffs' failure to describe any deficiencies with Walmart's production: With one

17    exception, plaintiffs do not describe how (if at all) Walmart's production to date has been deficient,

18    and whether more time would remedy any issues. Plaintiffs reference Walmart's failure to produce

19    product sales data as necessitating a motion to compel. After meeting and conferring with plaintiffs,

20    however, Walmart agreed to produce certain sales data which should obviate the need for a motion

21    to compel. Jones Decl. ¶ 5. In any event, this motion is not the proper context for such a dispute.

22          Instead of taking accountability for their own failure to prosecute the case, plaintiffs

23    mischaracterize the record to make it seem like Walmart delayed. In fact, Walmart engaged with

24    plaintiffs at every turn in negotiating the parameters of document discovery and producing

25    documents under timing that was agreed-upon mutually with plaintiffs' counsel.

26    **V.    CONCLUSION**

27          This motion should be denied for failure to comply with the Local Rules, as well as

28    plaintiffs' failure to meet their burden to establish good cause for the requested extension.

1

2                                                    Respectfully submitted,

3    Dated: February 20, 2024                        **KING & SPALDING LLP**

4                                                    By: */s/ Michael L. Resch*
                                                          Livia M. Kiser
5                                                         Michael L. Resch
                                                          Samuel R. Diamant
6                                                         Rose Jones

7                                                    Attorneys for Defendant
                                                     WALMART INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---