UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GAGETTA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WALMART, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-03757-AMO<br><br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTION TO ENLARGE DEADLINE TO FILE CLASS CERTIFICATION MOTION AND AMEND SUBSEQUENT DEADLINES**<br><br>Re: Dkt. No. 66 |

　　　　Before the Court is Plaintiffs' administrative motion to enlarge the deadline to file their motion for class certification and amend subsequent deadlines. Defendant Walmart Inc. opposes the motion. For the reasons set forth below, the motion is GRANTED IN PART.

　　　　As a preliminary matter, Plaintiffs' motion is improperly before the Court as an administrative motion under Civil Local Rule 7-11 rather than a properly noticed motion under Federal Rule of Civil Procedure 16 and Civil Local Rule 16-2. *Compare* Civil L.R. 7-11 (authorizing motions "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge") with Civil L.R. 16-2 (authorizing a party to "seek relief from an obligation imposed by Fed. R. Civ. P. 16" "[b]y serving and filing a motion with the assigned Judge pursuant to Civil L.R. 7"); *but see Gilmore v. Safe Box Logistics, Inc.*, No. 21-cv-06917-AMO, 2023 WL 7106883, at *2 (N.D. Cal. Sept. 15, 2023) (deciding motion for extension of time under Civil Local Rule 7-11 where scheduling order expressly allowed an administrative motion for that purpose). Plaintiffs' failure to properly present their motion to the Court is by itself grounds for denial. Nonetheless, the Court considers the substance of the motion for the benefit of the parties and their counsel,

1   who are experienced litigators and frequently appear in this Court and others in the district. Going
2   forward, the Court expects strict compliance with the Federal Rules, the Local Rules, and the
3   General and Standing Orders of this Court. The Court may summarily deny or strike any non-
4   compliant filings.

5         Setting aside the procedural defect, Plaintiffs' administrative motion fails to support the
6   full extension requested. Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the
7   judge's consent" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good
8   cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v.*
9   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be
10  modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"
11  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Mammoth*
12  *Recreations*, 975 F.2d at 609). "Although the existence or degree of prejudice to the party
13  opposing the modification might supply additional reasons to deny a motion, the focus of the
14  inquiry is upon the moving party's reasons for seeking modification." *Mammoth Recreations*, 975
15  F.2d at 609 (citation omitted). If the moving party fails to show diligence, "'the inquiry should
16  end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Mammoth*
17  *Recreations*, 975 F.2d at 609).

18        Plaintiffs seek a 120-day extension of all deadlines set in the October 2, 2023 Case
19  Management Scheduling Order, ECF 64, primarily their deadline to file their motion for class
20  certification, and claim they diligently pursued discovery. The record shows otherwise. Plaintiffs
21  served their first set of document requests on February 9, 2023.[1] *See* ECF 66 at 2. Walmart's
22  responses to those requests, served March 30, 2023, indicated that any document production
23  would be subject to the parties reaching a stipulation regarding the discovery of electronically
24  stored information ("ESI") and the entry of a protective order. *Id.* Though Plaintiffs provided

---

[1] The timing of these requests is not the basis for the Court's ruling. The Court notes that the prior presiding judge directed the parties to engage in targeted discovery "essential to a productive private mediation, which should occur within three months of the settling of the pleadings." ECF 35 at 1. The pleadings were settled February 9, 2023. ECF 43.

2

Walmart drafts of a proposed stipulated protective order and a proposed ESI stipulation on January 27, 2023, the parties did not file those documents until July 19, 2023, and September 11, 2023, respectively.  ECF 57, 59.  Knowing that this was the state of discovery, on September 28, 2023, Plaintiffs proposed a schedule.  *See* ECF 63 at 8.  The Court largely adopted the case deadlines Plaintiffs proposed, *see* ECF 64, which Plaintiffs now claim they are unable to meet.

Plaintiffs devote the majority of the five-pages of the motion at bar to pointing the finger at Walmart for all the reasons why discovery is not on track.  ECF 66 at 2-3.  Plaintiffs blame Walmart for failing to specify an end date for its document productions as required by Federal Rule of Civil Procedure 34(b)(4)(B),[2] for delaying entry of the protective order and ESI stipulation, for dragging its feet on negotiating ESI search terms,[3] for waiting until December 28, 2023 to make its first document production and then including 3,300 redacted pages in a subsequent February 2, 2024 document production, and for refusing to produce certain sales data absent a ruling on a motion to compel.  *Id.*; *see also* ECF 66-1 ¶¶ 2-3.

However, the reasons why Plaintiffs are unable to meet the existing deadlines appear to be, at least in part, of their own making.  If the responses Walmart served on March 30, 2023 failed to specify an end date for production, Plaintiffs should have promptly requested to meet and confer with Walmart to address that deficiency.  If the parties failed to reach agreement, Plaintiffs should have promptly sought compliance as allowed by this Court's Civil Standing Order instead of waiting almost a year to alert the Court to the issue in an administrative motion.  If negotiations on a protective order and an ESI stipulation had become protracted, the parties could have sought assistance from the Court, or at least agreed to be bound by the district's model protective order

---

[2] Rule 34(b)(4)(B) provides that "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."  Fed. R. Civ. P. 34(b)(4)(B).  The advisory committee's note to the 2015 amendments to Rule 34 further provides that "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production."  *See* Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment.

[3] In the declaration in support of their administrative motion, Plaintiffs indicate that they proposed search terms to Walmart on August 22, 2023, more than six months after Plaintiffs served their first set of document requests.  *See* ECF 66 at 6; ECF 66-1 ¶ 4.

and/or an interim production protocol while the parties finalized versions for entry by the Court.[4] If search term negotiations had devolved into a game of "go-fish," *see, e.g.*, *Moore v. Publicis Groupe*, 287 F.R.D. 182, 191 (S.D.N.Y. 2012), *adopted sub nom. Moore v. Publicis Groupe SA,* No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012), instead of what should be an iterative, transparent, and cooperative process, the parties should have met and conferred and presented an expedient path forward to the Court.

As to the sales data, which Plaintiffs described in correspondence as the "only open issue" as of December 22, 2023, Plaintiffs state that they "intend to file a motion to compel." *See* ECF 66 at 4; ECF 66-1 ¶ 5. Plaintiffs assert that without the data, they "are prejudiced in filing their class motion." *Id.* If the sales data was that critical to Plaintiffs' motion for class certification, Plaintiffs should have diligently pursued it well in advance of the March 14, 2024 deadline for their opening brief.[5]

It also appears that Plaintiffs have made no progress on the claimed redaction dispute, which they have known about since February 2, 2023, when Walmart produced over 8,000 pages of documents with 3,300 of them redacted. *See* ECF 66 at 5; ECF 66-1 ¶ 9. Nor do Plaintiffs explain the basis for the claim that Plaintiffs "ha[ve] not had adequate time to review" the 5,000 pages of unredacted documents Walmart produced on that date. *See* ECF 66 at 4. Plaintiffs, who are represented by five law firms, should have been able to review that volume[6] of documents before filing their administrative motion.

In its response, Walmart asserts that Plaintiffs agreed to the timing of Walmart's document production and that Plaintiffs have yet to notice a single deposition. ECF 67 at 5, 6. Even if Plaintiffs did agree to the production schedule they now complain of, Walmart's response does not

---

[4] In any event, the lack of a protective order or ESI stipulation does not excuse a party's non-compliance with Rule 34.

[5] To the extent there was a dispute, it seems to be moot. Walmart indicates that it has "agreed to produce certain sales data[,] which should obviate the need for a motion to compel." *See* ECF 67 at 6; *see also* ECF 67-1 ¶ 5.

[6] The February 2, 2024 production totaled only 514 documents. *See* ECF 67 at 6. Walmart previously produced 50 documents on December 28, 2023. *Id.* at 5.

1  address its alleged non-compliance with Rule 34(b)(4)(B), why it took several months to negotiate
2  a protective order and ESI stipulation, why it took nearly one year to produce 564 documents or
3  why it needed search terms to retrieve such a small volume of responsive documents - 3,300 pages
4  of which were redacted, why it thinks Plaintiffs can conduct depositions without documents,[7] and
5  why it thinks it is reasonable to refuse a request for an extension when the timing of its production,
6  even if agreed to, puts Plaintiffs in a position to miss their deadlines.

While litigation is by its nature adversarial, the parties share the responsibility to "ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment. Here, neither party has discharged that duty.

For these reasons, Plaintiffs' administrative motion is GRANTED IN PART. The revised case schedule extends existing deadlines by 60 days as follows:

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Substantial completion of document production (including sales data) | None | March 14, 2024 |
| Plaintiffs' motion for class certification and class certification expert reports | March 14, 2024 | May 13, 2024 |
| Defendants' opposition to motion for class certification and opposing class certification expert reports, Daubert motion(s)[8] | May 10, 2024 | July 9, 2024 |

---

[7] Of course, this does not excuse Plaintiffs' failure to notice a single deposition or at least start negotiations about Rule 30(b)(6) deposition topics. But absent agreement from Walmart that it would make deponents available for deposition twice, i.e., once before it produced documents, and once after it produced documents, the decision not to proceed with depositions is understandable. Moreover, even if Plaintiffs had diligently moved to notice depositions after Walmart produced documents on February 2, Walmart makes no representation that it was at the ready to make witnesses available for deposition prior to March 14.

[8] Each side is limited to three Daubert motions throughout the entire case absent leave of court. *See* Standing Order for Civil Cases ¶ G.1.

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Plaintiffs' reply in support of motion for class certification and rebuttal class certification expert reports, Daubert motions, and opposition(s) to Defendant's Daubert motion(s) | June 14, 2024 | August 13, 2024 |
| Defendant's reply in support of Daubert motion, opposition to Plaintiffs' Daubert motion(s) | June 28, 2024 | August 27, 2024 |
| Plaintiffs' reply in support of Daubert motion | July 12, 2024 | September 10, 2024 |
| Close of fact discovery | July 24, 2024 | September 20, 2024 |
| Hearing on motion for class certification and Daubert motions | August 22, 2024 | October 24, 2024 at 2:00 p.m. |

A request for an extension of any deadline set by this Order must be filed at least seven days prior to the expiration of that deadline.

**IT IS SO ORDERED.**

Dated: March 1, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN
United States District Judge**